FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2008 SEP 24    AM 2: 09

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

# 08-4464

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
**Plaintiff**

**CIVIL ACTION NO.**

# SECT.F MAG 3

**v.**

**SAKS, INC. D/B/A SAKS FIFTH AVENUE**
**Defendant**

## COMPLAINT AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the United States

Equal Employment Opportunity Commission, and files its Complaint and Jury Demand.

Plaintiff respectfully avers as follows:

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I

of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of

disability and to provide appropriate relief to Marlene Babin ("Ms. Babin"), who was adversely

affected by such practices. This suit is also brought to effectuate appropriate injunctive relief to

- 1 -

Fee____
Process____
Dktd____
CtRmDep____
Doc. No.____

others who may have been adversely affected by Defendant's discriminatory practices, and to prevent further occurrence of such practices.

## JURISDICTION AND VENUE

### 1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

### 2.

The unlawful employment practices alleged herein were committed within the judicial district of this Court.

## PARTIES

### 3.

Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.

At all relevant times, Defendant, Saks, Inc., d/b/a Saks Fifth Avenue department store ("Defendant" or "Saks"), has continuously been a corporation organized under the laws of the State of New York, doing business within the State of Louisiana, and has continuously had at least 15 employees.

5.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.

At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.

At least since February of 2005, Defendant has engaged in conduct in New Orleans, Louisiana which violates the ADA.

8.

More than thirty (30) days prior to the institution of this lawsuit, Ms. Babin filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

- 3 -

9.

Ms. Babin has at all times relevant been a qualified individual with a disability within the meaning of the ADA.

10.

Ms. Babin has ulcerative colitis, a physical impairment within the meaning of the ADA, which has substantially limited, and continues to substantially limit, Ms. Babin in one or more major life activities.

11.

Ms. Babin began working for Defendant in 2000.  She was terminated from her position of makeup artist on or about February 17, 2005.

12.

On or about February 18, 2004, Ms. Babin was hospitalized in connection with her disability.  From that time until her termination, Ms. Babin was hospitalized on numerous extended occasions and underwent five surgeries in connection with her disability.

13.

Defendant was at all relevant times aware of Ms. Babin's disability.  Defendant approved Ms. Babin for extensive leave under its Short-Term Disability ("STD") policy, which by definition requires that an employee be unable to perform any work during the leave of absence.

14.

On or about February 17, 2005, Defendant terminated Ms. Babin's employment because of her disability, within the meaning of the ADA, and in order to avoid having to reasonably accommodate Ms. Babin. Defendant stated the justification for termination to be "health reasons."

15.

At the time of her termination, Ms. Babin was able to perform all essential functions of her position, without accommodation.

16.

The practices complained of herein have deprived Ms. Babin of equal employment opportunities by denying her a job because of her disability, and in order to avoid its legal obligation to reasonably accommodate, if necessary.

17.

The unlawful employment practices complained of herein were, and continue to be, committed with malice or with reckless indifference to Ms. Babin's federally protected rights.

18.

The unlawful practices of Defendant complained of herein have violated the rights of affected persons protected under the ADA.

19.

The unlawful employment practices complained of herein were intentional.

20.

The unlawful employment practices complained of herein have caused Ms. Babin to suffer economic injuries, including but not limited to lost wages, as well as nonpecuniary injuries.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to accommodate and from illegally terminating individuals who are "disabled" within the meaning of the ADA, and any other employment practice which discriminates on the basis of disability.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Ms. Babin by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant to reinstate Ms. Babin or to make her whole by providing her with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices.

- 6 -

E.    Order Defendant to make whole Ms. Babin by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F.    Order Defendant to make whole Ms. Babin by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial.

G.    Order Defendant to pay Ms. Babin punitive damages for its malicious and reckless conduct, as described hereinabove, in amounts to be determined at trial.

H.    Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

- 7 -

Respectfully submitted,

**RONALD S. COOPER**
General Counsel
No Bar Roll Number Assigned
**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888
Equal Employment Opportunity
Commission
Houston District Office
Mickey Leeland Federal Building
1919 Smith Street
Houston, Texas 77002-8049
Direct Line: (713) 209-3398


**GREGORY T. JUGE (T.A.)**
Senior Trial Attorney
La. Bar Roll No. 20890
**U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street
Suite 1900
New Orleans, LA  70112
Tel:     (504) 595-2870 (Main Legal #)
           (504) 595-2877 (Juge)
Fax:    (504) 595-2886 or 589-6861
**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

- 8 -

REGISTERED AGENT FOR
SERVICE OF PROCESS:

CORPORATION SERVICE COMPANY
320 SOMERULOS ST.
BATON ROUGE, LA 70802-6129